UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Carol Boucher and Paul Boucher, <br> Plaintiffs | * <br> * <br> * |
| v. | * <br> * |
| CVS/Pharmacy, Inc. and Marjam <br> Supply Company, Inc., <br> Defendants | * <br> * <br> * |

**COMPLAINT**

**DEMAND FOR JURY**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## I.      INTRODUCTION

This complaint is brought in order to redress the Plaintiffs' claims for negligence and loss of consortium.  The Plaintiffs' claims against the Defendants are fully set forth as follows:

## II.      PARTIES

1.      Plaintiff Carol Boucher (hereinafter "Carol") is a citizen of the United States and currently resides at 34 Mammoth Road, Apartment 18, Hooksett, County of Hillsborough, State of New Hampshire.  At all times relevant herein, Carol, as a business invitee and customer of CVS/Pharmacy, a tenant of the premises located at 271 Mammoth Road in Manchester, New Hampshire (hereinafter the "premises") and managed by Marjam Supply Company, Inc., relied on the Defendants to abide by their duty to: a) exercise reasonable care under all the circumstances in the maintenance and operation of the premises; b) exercise reasonable care in maintaining the premises in a reasonably safe condition, including, but not limited to, keeping areas clear of defective conditions and other foreseeable hazards, such as snow and ice; c) warn customers and business invitees of CVS/Pharmacy, a business tenant, of such defective conditions and other foreseeable hazards; d) take reasonable precautions and other preventive measures to protect such customers and business invitees against such defective conditions and

foreseeable hazards arising out of the arrangement(s) or use(s) of the premises; e) conduct reasonable inspections of the premises consistent with existing weather conditions; and f) perform reasonable repair(s) and other maintenance within a reasonable time period.

2.     Plaintiff Paul Boucher (hereinafter "Paul") is a citizen of the United States and currently resides at 34 Mammoth Road, Apartment 18, Hooksett, County of Hillsborough, State of New Hampshire.  At all times relevant herein, Paul was the loving husband of Carol, and as a business invitee and customer of CVS/Pharmacy, a tenant of the premises, and managed by Marjam Supply Company, Inc., relied on the Defendants to abide by their duty to: a) exercise reasonable care under all the circumstances in the maintenance and operation of the premises; b) exercise reasonable care in maintaining the premises in a reasonably safe condition, including, but not limited to, keeping areas clear of defective conditions and other foreseeable hazards, such as snow and ice; c) warn customers and business invitees of CVS/Pharmacy, a business tenant, of such defective conditions and other foreseeable hazards; d) take reasonable precautions and other preventive measures to protect such customers and business invitees against such defective conditions and foreseeable hazards arising out of the arrangement(s) or use(s) of the premises; e) conduct reasonable inspections of the premises consistent with existing weather conditions; and f) perform reasonable repair(s) and other maintenance within a reasonable time period.

3.     Defendant CVS/Pharmacy, Inc. (hereinafter " CVS/Pharmacy") is a corporation with a principal place of business at One CVS Drive, Woonsocket, County of Providence, State of Rhode Island, and with a retail store located at 271 Mammoth Road, Manchester, County of Hillsborough, State of New Hampshire.  At all times relevant herein, CVS/Pharmacy held itself out to members of the general public, including the Plaintiffs, in Manchester, New Hampshire as a retailer competent to provide and maintain safe, fit premises for its customers and business

invitees.  As such, CVS/Pharmacy, as a retailer, owed the Plaintiffs a duty to: a) exercise

reasonable care under all the circumstances in the maintenance and operation of the premises; b)

exercise reasonable care in maintaining the premises in a reasonably safe condition, including,

but not limited to, keeping areas clear of defective conditions and other foreseeable hazards, such

as snow and ice; c) warn its customers and business invitees of such defective conditions and

other foreseeable hazards; d) take reasonable precautions and other preventive measures to

protect its customers and business invitees against such defective conditions and foreseeable

hazards arising out of the arrangement(s) or use(s) of the premises; e) conduct reasonable

inspections of the premises consistent with existing weather conditions; and f) perform

reasonable repair(s) and other maintenance within a reasonable time period.

      4.     Defendant Marjam Supply Company, Inc. (hereinafter "Marjam")  is a

corporation with a principal place of business at 885 Conklin Street, Farmingdale, County of

Nassau, State of New York.  At all times relevant herein, Marjam held itself out to members of

the general public, including the Plaintiffs, in Manchester, New Hampshire as a commercial

property owner competent to lease, provide, and maintain safe, fit premises to business tenants

and their customers and business invitees.  As such, Marjam, as a commercial property owner,

owed the Plaintiffs a duty to: a) exercise reasonable care under all the circumstances in the

maintenance and operation of the premises; b) exercise reasonable care in maintaining the

premises in a reasonably safe condition, including, but not limited to, keeping areas clear of

defective conditions and other foreseeable hazards, such as snow and ice; c) warn customers and

business invitees of its business tenants of such defective conditions and other foreseeable

hazards; d) take reasonable precautions and other preventive measures to protect its business

tenants' customers and business invitees against such defective conditions and foreseeable

hazards arising out of the arrangement(s) or use(s) of the premises; e) conduct reasonable inspections of the premises consistent with existing weather conditions; and f) perform reasonable repair(s) and other maintenance within a reasonable time period.

## II.        JURISDICTION

5.        This Court has federal jurisdiction over the parties and the causes of action alleged herein pursuant to 28 U.S.C. § 1332, due to the diversity of the parties and an amount in controversy exceeding $75,000.00.  Jurisdiction of this case also falls under N.H. RSA 491:7, N.H. RSA 507:9, and such other laws, rules and regulations, together with common law, of the State of New Hampshire.

## III.       FACTS

6.        On or about February 10, 2009, Carol visited CVS/Pharmacy, located at 271 Mammoth Road in Manchester, New Hampshire, to refill her prescription medications.  As she exited the store and stepped onto the sidewalk in front of the store, Carol slipped on ice and snow that had accumulated near the curb, and fell onto the ground, forcibly hitting and landing on her left hip and leg.

7.        After her fall, Carol was unable to move and remained on the ground.  A nurse, who was inside the store when Carol fell, attended to her while other customers and bystanders placed blankets over Carol in an effort to keep her warm until an ambulance arrived.

8.        Carol was transported by ambulance to Elliot Hospital's emergency room, where x-rays were taken of her left hip.  While the x-rays results noted that there was "no acute fracture," Carol continued to experience severe pain in her left hip, left leg, and buttocks.  Carol was diagnosed with a hip contusion and was discharged that day, with a walker.

9.      On or about February 17, 2009, Carol was examined by her primary care physician because she continued to experience substantial difficulties walking and moving in bed, and also because endured worsening pain in her left hip and left leg, in addition to substantial swelling in her left leg.  Her primary care physician ordered a CT scan, the results of which showed that Carol had a left hip inferior pubic ramus fracture.  Carol was then discharged with instructions to recuperate, take hip precautions, and to return to the hospital if she experiences signs of infection or blood clot, or if her pain persists.  *See Pls.' Exhibit A.*

10.      On or about February 20, 2009, Carol again returned to Elliot Hospital's emergency room because she continued to experience severe pain in her left hip and lower extremities, along with persistent, substantial swelling in both legs.  An ultrasound of her lower extremities showed that Carol had a deep venous thrombosis in her left calf, which was "likely trauma related," secondary to her fall on the accumulated snow and ice at the Defendants' premises.  Carol was then admitted to Elliot Hospital to receive necessary anticoagulant treatment.  *See Pls.' Exhibit B.*

11.      Carol remained at Elliot Hospital until February 23, 2009, when she was discharged and returned to her home.  Once she returned to her home, Carol needed constant in-home care and treatments, including, but not limited to, VNA services, physical therapy, occupational therapy, rehabilitation, and daily care delivered by her loving husband, Paul.  This in-home care continues to be necessary and integral to Carol's long-term convalescence.

12.      Since her discharge, Carol has continued to suffer from an abnormal gait, severe pain, sleep disturbance, bowel disturbance, anxiety, and severe edema in her lower extremities.  In addition, Carol requires daily assistance and monitoring with ordinary, daily functions, such as

moving, bathing, dressing, toileting, eating, medicating, making meals, doing laundry, and using the telephone.

## IV.   CLAIMS OF LIABILITY

### COUNT I
### (Negligence- Against CVS/Pharmacy)

13.     The Plaintiffs repeat and incorporate herein by reference each and every paragraph that appears above and below.

14.     The Defendant, CVS/Pharmacy, as a retailer, had a duty to: a) exercise reasonable care under all the circumstances in the maintenance and operation of the premises; b) exercise reasonable care in maintaining the premises in a reasonably safe condition, including, but not limited to, keeping areas clear of defective conditions and other foreseeable hazards, such as snow and ice; c) warn its customers and business invitees of such defective conditions and other foreseeable hazards; d) take reasonable precautions and other preventive measures to protect its customers and business invitees against such defective conditions and foreseeable hazards arising out of the arrangement(s) or use(s) of the premises; e) conduct reasonable inspections of the premises consistent with existing weather conditions; and f) perform reasonable repair(s) and other maintenance within a reasonable time period.

15.     Despite the aforesaid duties and in breach thereof, CVS/Pharmacy negligently failed to exercise reasonable care in maintaining the premises of 271 Mammoth Road in Manchester, New Hampshire in a reasonably safe condition, by failing to salt, sand, or otherwise remove accumulations of snow and ice from the walkway(s) and surrounding common area(s) in front of the premises, negligently failed to warn its customers and business invitees of defective conditions and foreseeable hazards, such as snow and ice, negligently failed to take reasonable precautions and other preventive measure(s), such as salting and/or sanding, to protect its

customers and business invitees against such defective conditions and foreseeable hazards, such as snow and ice, negligently failed to conduct reasonable inspections of the premises consistent with existing weather conditions, and negligently failed to perform reasonable repair(s) and other maintenance within a reasonable time period, when the Defendant knew, or reasonably should have known, that during the months of winter in New Hampshire, snow and ice accumulate on walkways, curbs, and other surrounding common area(s) on the premises, that these snowy and icy conditions create defective conditions and foreseeable hazards for its customers and business invitees, that a threat of this danger in the form of snow and ice accumulation could cause severe injuries to its customers and business invitees, and that the risk of harm to the public health and welfare posed by this danger outweighed the costs to the Defendant of reducing or eliminating such risk.

16.    The misconduct of CVS/Pharmacy was wanton, malicious, or oppressive, and as such, the Plaintiffs are entitled to enhanced compensatory damages.  At all times relevant herein, CVS/Pharmacy's actions and failure to act constituted gross misconduct with disregard or reckless indifference for the safety of the Plaintiffs, as members of the general public.

### COUNT II
### (Negligence- Against Marjam Supply Company, Inc.)

17.    The Plaintiffs repeat and incorporate herein by reference each and every paragraph that appears above and below.

18.    The Defendant, Marjam, as a commercial property owner, had a duty to: a) exercise reasonable care under all the circumstances in the maintenance and operation of the premises; b) exercise reasonable care in maintaining the premises in a reasonably safe condition, including, but not limited to, keeping areas clear of defective conditions and other foreseeable hazards, such as snow and ice; c) warn customers and business invitees of its business tenants of

such defective conditions and other foreseeable hazards; d) take reasonable precautions and other

preventive measures to protect its business tenants' customers and business invitees against such

defective conditions and foreseeable hazards arising out of the arrangement(s) or use(s) of the

premises; e) conduct reasonable inspections of the premises consistent with existing weather

conditions; and f) perform reasonable repair(s) and other maintenance within a reasonable time

period.

19.     Despite the aforesaid duties and in breach thereof, Marjam negligently failed to

exercise reasonable care in maintaining the premises of 271 Mammoth Road in Manchester, New

Hampshire in a reasonably safe condition, by failing to salt, sand, or otherwise remove

accumulations of snow and ice from the walkway(s) and surrounding common area(s) in front of

the premises, negligently failed to warn the customers and business invitees of CVS/Pharmacy,

its business tenant, of defective conditions and foreseeable hazards, such as snow and ice,

negligently failed to take reasonable precautions and other preventive measure(s), such as salting

and/or sanding, to protect such customers and business invitees against such defective conditions

and foreseeable hazards, such as snow and ice, negligently failed to conduct reasonable

inspections of the premises consistent with existing weather conditions, and negligently failed to

perform reasonable repair(s) and other maintenance within a reasonable time period, when the

Defendant knew, or reasonably should have known, that during the months of winter in New

Hampshire, snow and ice accumulate on walkways, curbs, and other surrounding common

area(s) on the premises, that these snowy and icy conditions create defective conditions and

foreseeable hazards for the customers and business invitees of CVS/Pharmacy, its business

tenant, that a threat of this danger in the form of snow and ice accumulation could cause severe

injuries to the customers and business invitees of CVS/Pharmacy, its business tenant, and that the

risk of harm to the public health and welfare posed by this danger outweighed the costs to the Defendant of reducing or eliminating such risk.

20.     The misconduct of Marjam was wanton, malicious, or oppressive, and as such, the Plaintiffs are entitled to enhanced compensatory damages.  At all times relevant herein, Marjam's actions and failure to act constituted gross misconduct with disregard or reckless indifference for the safety of the Plaintiffs, as members of the general public.

### COUNT III
### (Spouse's Loss of Consortium- Against CVS/Pharmacy)

21.     The Plaintiffs repeat and incorporate herein by reference each and every paragraph that appears above and below.

22.     At all times relevant, the Defendant, CVS/Pharmacy, caused Paul, the loving husband of Carol, to suffer the lost company, companionship, services, society, comfort, and consortium of his wife, and to bear the extreme emotional pain and suffering associated with this loss.

### COUNT IV
### (Spouse's Loss of Consortium- Against Marjam Supply Company, Inc.)

23.     The Plaintiffs repeat and incorporate herein by reference each and every paragraph that appears above and below.

24.     At all times relevant, the Defendant, Marjam, caused Paul, the loving husband of Carol, to suffer the lost company, companionship, services, society, comfort, and consortium of his wife, and to bear the extreme emotional pain and suffering associated with this loss.

### V.     DAMAGES

25.     The Plaintiffs repeat and incorporate herein by reference each and every paragraph that appears above and below.

26.     The Plaintiffs allege that as a direct, foreseeable, and consequential result of the Defendants' actions, breaches of duty, and failures to act, as detailed herein, they have suffered the following damages:

A.     Catastrophic and permanent physical injuries, including, but not limited to, a left inferior pubic ramus fracture, deep venous thrombosis, severe hip, leg, and buttock pain, severe edema in the lower extremities, decreased and impaired mobility, substantial weakness, and severe exacerbation of other chronic illnesses;

B.     Severe emotional distress, pain, and suffering, including, but not limited to, anxiety, depression, fear, loss of enjoyment of life, and loss of consortium;

C.     Numerous and substantial hospital and other medical expenses associated with necessary and ongoing medical tests, evaluations, procedures, medications, rehabilitation, physical therapy, occupational therapy, and other treatments;

D.     Enhanced compensatory damages, as the Defendants' conduct rose to the level of reckless indifference or disregard of the consequences to the Plaintiffs that ultimately caused the Plaintiffs' injuries, as alleged herein; and

H.     Costs and reasonable expert witness fees, together with lawful interest thereon, and other extraordinary expenses, injuries, and losses.

## VI.     DEMAND FOR JURY

27.     The Plaintiffs respectfully request a jury trial in this case.

Respectfully submitted,
Carol Boucher and Paul Boucher, Plaintiffs
By and through their attorneys,
BELIVEAU, FRADETTE, DOYLE & GALLANT, PA


Dated:  July 30, 2010                By:___/s/ Richard E. Fradette, Esquire_____
                                          Richard E. Fradette, Esquire
                                          Bar No. 844
                                          Christina A. Ferrari, Esquire
                                          Bar No. 19836
                                          91 Bay Street - P.O. Box 3150
                                          Manchester, NH 03105-3150
                                          (603) 623-1234