UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Carol Boucher and Paul Boucher

    v.                                   Civil No. 10-cv-328-JL
                                        Opinion No. 2011 DNH 186
CVS/Pharmacy, Inc. and Marjam
Supply Company, Inc.

    v.

Amoskeag Maintenance Services,
LLC

**MEMORANDUM ORDER**

This case arises from injuries, including a pelvic fracture, that plaintiff Carol Boucher suffered after slipping on ice and snow that had accumulated in the parking lot of a CVS pharmacy in Manchester, New Hampshire.  Boucher and her husband brought suit against the owners of both the pharmacy business, CVS/Pharmacy, Inc., and the premises, Marjam Supply Company, Inc., asserting claims for negligence and loss of consortium.  Specifically, plaintiffs allege that CVS and Marjam failed to exercise reasonable care in maintaining the area around the pharmacy and failed to warn customers of the snow and ice in the parking lot.

CVS and Marjam deny those allegations and claim that Boucher's own negligence contributed to the accident.  In addition, CVS and Marjam have filed a third-party complaint against Amoskeag Maintenance Services, LLC, the company they

hired to remove snow and ice from the premises, claiming that if they are found to have been negligent, then Amoskeag should be held responsible for all or part of the damages.  Amoskeag denies any liability.  See Fed. R. Civ. P. 14.  This court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1)  (diversity).

The parties have moved in limine to exclude various types of evidence at the upcoming jury trial.  See L.R. 16.2(b)(3).  Amoskeag has moved to exclude evidence that Boucher suffered any permanent injuries as a result of her fall, while CVS and Marjam have moved to exclude photographs of the parking lot that were taken two weeks after the fall.  Plaintiffs, in turn, have moved to exclude evidence of Boucher's prior and subsequent falls, evidence of the fact that there had been no other reports of customers slipping and falling on the ice and snow in the parking lot, evidence of Boucher's medical history prior to her fall, and evidence of Boucher's use of a cane.  After reviewing the parties' submissions, this court rules on the motions in limine as set forth below.


**I.  <u>Evidence of permanent injuries</u>**

Amoskeag has moved to exclude any evidence or argument that Boucher sustained permanent injuries or will require future medical treatment as a result of her fall, arguing that

2

plaintiffs failed to provide any expert disclosure under Federal Rule of Civil Procedure 26(a)(2)(C) as these issues.  Amoskeag contends that under Rule 37(c)(1), plaintiffs must be precluded from offering any expert testimony on these issues because their failure to provide such a disclosure was neither substantially justified nor harmless.[1]  See Westerdahl v. Williams, No. 10-cv-266-JL, 2011 WL 3957250, *4 (D.N.H. Sept. 7, 2011); Aumand v. Dartmouth Hitchcock Med. Ctr., 611 F. Supp. 2d 78, 89-90 (D.N.H. 2009).

Plaintiffs did not file an opposition to Amoskeag's motion. In a telephone conference with the court on October 14, 2011, their counsel disclaimed any intention of presenting expert testimony that Boucher had suffered permanent injury or would require future treatment as a result of her fall.  Accordingly, Amoskeag's motion in limine is granted.  Plaintiffs may not offer expert testimony on these issues at trial.  This conclusion is without prejudice to plaintiffs' ability to offer their own testimony as to how Boucher's fall has affected her.

---

[1] Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

3

## II.  __Parking lot photographs__

CVS and Marjam have moved to exclude photographs of the
parking lot where Boucher fell.  Boucher's husband took the
photographs in question two weeks after she fell.  They depict
snow and ice around the curb in the area of the fall.  At his
deposition, Boucher's husband admitted that the photographs did
not accurately represent the condition of the parking lot on the
day of the fall.  He testified that the snow in the photographs
was "fluffier" than on the day of the incident and appeared to
have been plowed; further, while the snow and ice was "even with
the curbing" on the day of the incident, the snow and ice in the
photographs was not.  At deposition, third-party witness Melissa
Carver corroborated this testimony, stating that the snow and ice
in the photographs appeared to be "more fresh" than the snow and
ice present on the day of the incident.  CVS and Marjam argue
that the different conditions portrayed render the photographs
irrelevant and unduly prejudicial to the defendants.  See Fed. R.
Evid. 402, 403.  They also argue that the parties possess other
photographs, which do not depict ice and snow in the parking lot,
that they can use to show the jury the area.

Under Federal Rule of Evidence 403, the court may exclude
relevant evidence "if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of issues

or misleading the jury or by considerations of undue delay, waste of time or needless presentation of cumulative evidence."  The photographs have some probative value, insofar as they depict the location where Boucher fell.  The dangers of unfair prejudice and of confusing or misleading the jury, however, outweigh this limited probative value.

At issue in this case is whether the defendants exercised reasonable care in maintaining the parking lot on the day Boucher was injured.  The accumulation of ice and snow alongside the curb in the parking lot on that day is directly relevant to that inquiry.  Unfortunately, neither party has proffered photographs depicting the lot on that day.  Because the photographs taken by Boucher's husband depict an accumulation of ice and snow alongside the curb in the same parking lot, albeit on a different day, there is a substantial risk that the jury would become confused in thinking that those pictures represented how the parking lot looked on the day Boucher fell--even if instructed otherwise.  But these photographs depict materially different conditions than those that existed on the day of the incident.  To prevent this danger of confusion in the jury's mind, the photographs must be excluded.  Cf. BNSF Ry. Co. v. LaFarge Sw., Inc., No. 06-1076, 2009 WL 4279862, *2 (D.N.M. Feb. 15, 2009) (holding that photographs that misrepresented the appearance of

the scene of an accident were inadmissible "because whatever minimal probative value can be obtained from such distorted images is substantially outweighed by the danger of misleading or confusing the jury"); Minter v. Prime Equip. Co., No. CIV-02-132-KEW, 2007 WL 2703093, *4 (E.D. Okla. Sept. 14, 2007) ("[W]here photographs are represented to portray the condition of a thing, in order to be relevant and admissible, [the proponent] will bear the burden of demonstrating the photographs taken subsequent to the accident represent the condition of the [thing] at the time of the accident.").  In addition, given the poorly-maintained condition of the parking lot in the photographs, there is a risk that the jurors may want to "punish" defendants for failing to properly maintain the parking lot on that later occasion.  See United States v. Thompson, 359 F.3d 470, 479 (7th Cir. 2004) (evidence is unfairly prejudicial if it "provokes [the jury's] instinct to punish").  That risk also outweighs the minimal probative value of the photographs, warranting their exclusion.

Plaintiffs protest that they "intend to use these photographs at trial to educate the jury on the location of Carol's fall, not to demonstrate that the conditions in the photographs on [the date they were taken] were the same as [the

6

date of the fall, two weeks earlier].”[2]   If they wish, plaintiffs
may use other photographs of the parking lot without snow and ice
cover to educate the jury on the location of Boucher's fall.
Those photographs may not accurately portray the condition of the
parking lot on the day Boucher fell, either.   But they do not
depict the parking lot in a condition close enough to that on the
day of the fall to mislead or confuse the jury.[3]   CVS's and
Marjam's motion in limine to exclude the photographs is therefore
granted.

III.   **Previous falls**

Plaintiffs have moved to exclude evidence of Boucher's
previous falls or fear of falling.   Boucher's medical records
indicate that she fell at least twice before her fall at CVS--in
2001 and 2002[4]--and repeatedly expressed concerns to her
physician about her ability to walk without falling.   Plaintiffs

---

[2]Notwithstanding this assurance, plaintiffs tellingly
suggest in their brief that the photographs might also be used to
show the jury "an example of build-up on a curb, which is the
hazardous condition that caused Carol's fall and injuries."   That
is precisely the problem with allowing the photographs into
evidence.

[3]Any such photographs would, of course, have to meet the
standards for admissibility under the Federal Rules of Evidence.

[4]Plaintiffs' motion attributes only one previous fall, in
2003, to Boucher.

argue that this evidence is irrelevant and should be excluded because its probative value is substantially outweighed by considerations of undue delay or waste of time.  See Fed. R. Evid. 402, 403.

Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." If the sole reason defendants were seeking to admit evidence of Boucher's previous falls was to demonstrate her propensity to fall, it would be inadmissible under Rule 404(b).  See Gresham v. Petro Stopping Ctrs., LP, No. 09-cv-34-RCJ-VPC, 2011 WL 1748569, *4 (D. Nev. April 25, 2011) ("The Court will exclude evidence of prior falls as improper character evidence insofar as the evidence is intended purely to show that Plaintiff's past negligence shows she was negligent on the relevant occasion."); Rodrick v. Wal-Mart Stores E., LP, No. 07-0768-CV-W-REL, 2010 WL 1994804, *2 (W.D. Mo. May 14, 2010) (excluding evidence of plaintiff's prior falls, in slip-and-fall case, where only reason proffered for admission of evidence was to show plaintiff's propensity to fall).  Here, though, defendants have a persuasive

alternative reason for seeking to admit evidence of Boucher's
prior falls:  to show that she was aware that she had to take
extra care when walking due to her physical limitations.[5]

Boucher's knowledge of her difficulty walking, as evidenced
by her previous falls, is directly relevant to defendants'
affirmative defense of comparative negligence.  This defense "is
triggered by a plaintiff's negligence," which "involves a breach
of the duty to care for oneself." Broughton v. Proulx, 152 N.H.
549, 558 (2005).[6]  "To determine whether . . . a duty of care has
been breached, an examination of what reasonable prudence would
demand under similar circumstances is required." White v.
Asplundh Tree Expert Co., 151 N.H. 544, 547 (2004).  In
evaluating what a reasonably prudent person would have done in
Boucher's circumstances, the jury is entitled to consider exactly

---

[5]Defendants also argue that this evidence bears on Boucher's
credibility (because she denied falling previously or speaking to
her doctor about her falls) and plaintiffs' damages.  While the
evidence is potentially admissible for these purposes, its
relevance on these grounds depends heavily on the testimony and
evidence offered at trial, and cannot be decided outside of that
context.

[6]State law governs defendants' affirmative defenses to
plaintiffs' state-law claims.  See Groleau v. American Exp. Fin.
Advisors, Inc., No. 10-cv-190-JL, 2011 WL 4801361, *4 n.1 (D.N.H.
Oct. 11, 2011).  Of course, "in determining whether evidence is
relevant, and therefore admissible in a diversity action, the
Federal Rules of Evidence supply the appropriate rules of
decision." Espeaignnette v. Gene Tierney Co., Inc., 43 F.3d 1, 9
(1st Cir. 1994) (emphasis omitted).

what those circumstances were--including her knowledge of her prior history of falls and her difficulty walking.

Boucher's previous falls, taken in the context of her medical history, may also suggest the existence of a pre-existing condition that contributed to her fall in the CVS parking lot. The previous falls therefore bear on the issue of causation as well. The jury should be permitted to hear evidence in support of this alternative explanation for Boucher's fall. See Crumm v. Allstate Life Ins. Co., No. 97-1117-FGT, 1997 WL 557330, *2 (D. Kan. June 13, 1997) (denying motion to exclude evidence of "difficulty in walking and previous falls" because such evidence could "show that plaintiff had a preexisting condition, i.e., that he had difficulty in walking and fell frequently"); Krohner v. Usair, Inc., No. 95-1783, 1996 WL 672260, *1-2 (E.D. Pa. Nov. 20, 1996) (similar).

Plaintiffs argue that evidence of Boucher's prior falls should nevertheless be excluded under Rule 403 because they will need to call "many, many" witnesses to testify that Boucher "was able to walk freely, without the use of a cane or any other assistive devices, and had not fallen for over five years at the time she fell on the accumulated ice in the defendants' parking lot." This argument is not persuasive. In essence, plaintiffs are contending that evidence of the prior falls should be

excluded because they will need to submit evidence to rebut the possible inference it creates.  But Rule 403 does not permit the court to exclude relevant evidence simply because that evidence might be met by rebuttal evidence, and plaintiffs have cited no authority for that proposition.

Rather, evidence may be excluded under Rule 403 only if it is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Plaintiffs have not shown, and this court does not perceive, how admission of this evidence would implicate those issues.  While plaintiffs may wish to present testimony regarding Boucher's ability to walk, they can testify to that fact themselves.  They might also have to call one or two additional witnesses to corroborate that testimony, but certainly not the "many, many" witnesses they suggest would be necessary (and who, it is worth noting, they have not identified for the court).  Any delay occasioned by the presentation of this testimony would be minimal and would not outweigh the probative value of defendants' evidence.

The court is cognizant that "[p]ropensity evidence carries a significant danger of unfair inference and prejudice."  Rodrick, 2010 WL 1994804 at *2 (quoting Gagne v. Booker, 596 F.3d 335, 343

11

(6th Cir. 2010)).   This danger, however, can be averted by an appropriate limiting instruction.   See Gresham, 2011 WL 1748569 at *4.   Plaintiffs' motion in limine to exclude the prior falls is therefore denied.

## IV.   Subsequent falls

Plaintiffs have also moved to exclude evidence of a subsequent fall that Boucher took in December 2009, ten months after the fall at issue in this case.   In that subsequent fall, Boucher's hand slipped off the banister of the staircase in her home, causing her to fall backward and fracture one of her vertebrae and her coccyx.   Plaintiffs argue that evidence regarding this fall is irrelevant and will only serve to confuse and mislead the jury.   See Fed. R. Evid. 401, 403.

As already discussed, the admissibility of other, similar acts is governed by Federal Rule of Evidence 404(b), which bars the admission of such evidence "in order to show action in conformity therewith" but allows it for "other purposes."   Here, the sole "other purpose" for which defendants seek to use this evidence is to rebut plaintiffs' claim that Boucher suffered permanent injuries as a result of her February 2009 fall at CVS. But plaintiffs have already disavowed any intention of presenting expert evidence on this point.   See supra Part I.   In light of

this disavowal, there is no apparent relevance to evidence of
Boucher's December 2009 fall.  Plaintiffs' motion to exclude
evidence of the subsequent fall is therefore granted, without
prejudice to defendants' ability to seek admission of such
evidence if plaintiffs later argue that the ill effects of
Boucher's fall at CVS continued past December 2009.


**V.   <u>Other falls on the premises</u>**

In addition to their motions to exclude evidence of
Boucher's own falls, plaintiffs also seek to preclude any
testimony that there were no reports of any patrons slipping and
falling on snow and ice in the CVS pharmacy's parking lot before
or after Boucher fell.  They argue that such evidence is not
relevant because it has nothing to do with the condition of the
parking lot at the time Boucher slipped and fell.  <u>See</u> Fed. R.
Evid. 401, 402.  They further contend that the probative value of
any such evidence is outweighed by the countervailing concerns
set forth in Rule 403.

Evidence of a lack of accidents similar to Boucher's
accident is relevant.  <u>See</u> Fed. R. Evid. 401 ("'Relevant
evidence' means evidence having any tendency to make the
existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be

13

without the evidence."). Generally speaking, "the absence of prior accidents may be admissible to show: (1) absence of the defect or other condition alleged, (2) the lack of a causal relationship between the injury and the defect or condition charged, and (3) the nonexistence of an unduly dangerous situation." Espeaignnette v. Gene Tierney Co., Inc., 43 F.3d 1, 9 (1st Cir. 1994); see also Koloda v. Gen. Motors Parts Div., Gen. Motors Corp., 716 F.2d 373, 375 n.3 (6th Cir. 1983) ("[E]vidence of absence of other accidents may be relevant to show (1) the nonexistence of the defect or condition alleged, (2) that the injury was not caused by the defect or condition charged, (3) that the situation was not dangerous, or (4) want of knowledge of, or of ground to realize, the danger."). Those justifications support the admission of such evidence in this case, as the absence of similar accidents tends to show that defendants had no reason to know of or foresee the danger presented by the accumulated snow and ice, that defendants did exercise reasonable care in maintaining the area around the CVS pharmacy, and that Boucher's fall was not caused by defendants' negligence. In analogous cases involving slip-and-fall accidents, other federal courts have refused to exclude evidence of an absence of similar falls for essentially these reasons. See, e.g., Melini v. 71st Lexington Corp., No. 07-cv-701, 2009 WL

14

1905032, *3-4 (S.D.N.Y. July 2, 2009); Custer v. Schumacher Racing Corp., No. 06-cv-1208, 2007 WL 4199705, *4 (S.D. Ind. Nov. 21, 2007); Soriano v. Treasure Chest Casino, Inc., No. 95-cv-3945, 1996 WL 736962, *1 (E.D. La. Dec. 23, 1996).

The probative value of this evidence is not substantially outweighed by the countervailing concerns set forth in Rule 403. The sole argument proffered by plaintiffs for excluding this evidence under Rule 403 is that its admission "would require the plaintiffs to make inquiry of CVS customers to determine whether any had ever fallen in the parking lot under similar circumstances as those that existed on February 10, 2009." Again, though, the mere fact that plaintiffs may have to present rebuttal evidence is not grounds for excluding evidence under Rule 403 in the absence of a "danger of unfair prejudice, confusion of the issues, or misleading the jury" or "undue delay, waste of time, or needless presentation of cumulative evidence." Plaintiffs have not demonstrated any reason to believe that any of those dangers would be posed by admitting evidence of the absence of similar falls.  Indeed, as the Court of Appeals for the Sixth Circuit has remarked:

> In the case of evidence of lack of prior incidents, there is
> no danger of arousing the prejudice of the jury, as the
> proof of another accident may do.  Moreover, the danger of
> spending undue time and incurring confusion by raising
> "collateral issues," conjured up in some of the opinions,

15

seems not at all borne out by experience in jurisdictions
where the evidence is allowed.

Koloda, 716 F.2d at 378 (quoting McCormick on Evidence § 200 (2d
ed. 1972)).  At worst, plaintiffs' rebuttal of this evidence will
require plaintiffs to conduct additional cross-examination of
defendants' witnesses at trial and perhaps to call an additional
witness, either in their case-in-chief or in rebuttal.  This
hardly constitutes an "undue delay" or "waste of time"
outweighing the probative value of defendants' evidence.
Plaintiffs' motion in limine to exclude evidence of the absence
of other falls is therefore denied.


## VI.  **Pre-fall medical history**

Plaintiffs have moved to exclude evidence of Boucher's
medical records prior to her fall, both generally and more
specifically with respect to her diagnosis of facial muscular
dystrophy.  As grounds for this motion, plaintiffs contend that
no evidence suggests that Boucher's "prior medical diagnosis of
facial muscular dystrophy, a condition that affects her eyes and
eyelids, contributed in any way to her falling on the accumulated
ice" in the CVS parking lot, and that evidence of this condition
is therefore irrelevant.  See Fed. R. Evid. 402.  Plaintiffs also
contend that the probative value of this evidence is outweighed
by Rule 403 concerns, as plaintiffs would have to introduce

evidence that her prior condition had nothing to do with her fall at CVS if evidence of this condition were introduced.

Plaintiffs have not stated sufficient grounds for the exclusion of all evidence of Boucher's pre-fall medical history. As noted in the court's discussion of plaintiffs' motion to exclude evidence of Boucher's previous falls, her medical records make repeated reference to her concerns about her ability to walk without falling. Those records also reflect that Boucher's muscular dystrophy, far from affecting only her eyes and eyelids, had caused weakness in her thighs, difficulty walking, and balance concerns. This evidence is plainly probative in evaluating whether Boucher fell in the CVS parking lot due to defendants' negligence or due to a preexisting condition, and will not be excluded as irrelevant. See Fed. R. Evid. 401, 402; Gresham v. Petro Stopping Ctrs., LP, No. 09-cv-34-RCJ-VPC, 2011 WL 1748569, *4 (D. Nev. April 25, 2011); Crumm v. Allstate Life Ins. Co., No. 97-1117-FGT, 1997 WL 557330, *2 (D. Kan. June 13, 1997). Furthermore, to the extent plaintiffs seek to attribute certain injuries to her fall at CVS, Boucher's previous medical history may also be relevant to show that those injuries were preexisting. Gresham, 2011 WL 1748569, at *4; see also Simpson v. Saks Fifth Ave., Inc., No. 07-0157-CVE-PJC, 2008 WL 3388739, *5 (N.D. Okla. Aug. 8, 2008) ("If [plaintiff] attempts to claim

17

damages for a pre-existing injury that defendant believes was not aggravated by her slip and fall, defendant will be permitted to introduce medical evidence to the contrary.").  Of course, not all of Boucher's medical history will be relevant to these issues.  Without more information regarding her medical records, however, the court is not able to make a specific ruling excluding certain sections of her medical history at this time. The court will evaluate each offered record on a case-by-case basis.

Again, the fact that plaintiffs may seek to introduce rebuttal evidence is not sufficient grounds for exclusion of Boucher's medical history.  See supra Parts III, V.  Plaintiffs' motion in limine to exclude her medical history is denied.

## VII. __Use of a cane__

Finally, plaintiffs have moved to exclude any evidence of Boucher's use of a cane.  There is some evidence that Boucher sometimes had used or considered using a cane in the past, but was not using a cane on the date of the accident.  Plaintiffs argue that this evidence is irrelevant because "[a] cane is useless on accumulated ice" and defendants have not identified an "expert who would testify that the use of a cane would have prevented or reduced the risk of" her falling.  See Fed. R. Evid.

18

401, 402.  Plaintiffs further assert that if defendants are
permitted to suggest that a cane might have prevented Boucher's
fall, they would have to introduce evidence to the contrary and
present testimony that Boucher did not use a cane prior to her
fall.

Boucher's medical records make repeated reference to
discussions she had with her physician regarding the possible use
of a cane to combat her difficulties with walking.  There are two
references to the use or possible use of a cane in medical
records from the year prior to the fall at CVS, including an
office note from a visit six months prior indicating that "[s]he
walks with a cane."  As with evidence of Boucher's previous
falls, this evidence is relevant to defendants' affirmative
defense of comparative negligence because it would assist the
jury in evaluating whether a reasonably prudent person in
Boucher's circumstances would have taken additional precautions
when walking in the parking lot, such as using a cane.  See
White, 151 N.H. at 547.  In addition, Boucher's husband testified
in his deposition that she did not use a cane prior to her fall
at CVS and that one of the consequences of her fall was that she
began using one.  Evidence that Boucher used or had considered
using a cane prior to her fall is therefore relevant on the issue
of plaintiffs' damages insofar as it refutes this testimony.

19

Contrary to plaintiffs' suggestion, expert testimony is not required as to whether a cane would have reduced the risk of a fall.  New Hampshire law requires expert testimony only "when the subject presented is so distinctly related to some science, profession or occupation as to be beyond the ken of the average layperson," and not "when the subject presented is within the realm of common knowledge and everyday experience." Laramie v. Stone, 160 N.H. 419, 427 (2010).  The beneficial effects of a cane are a matter of common knowledge that the jury is capable of evaluating on its own.  The jury is also capable of evaluating whether or not a cane would have been "useless on accumulated ice."  The potential effect of a cane on Boucher's fall is a disputed issue of fact for trial, and is inappropriate for resolution on a motion in limine.  See C&E Servs., Inc. v. Ashland Inc., 539 F. Supp. 2d 316, 323 (D.D.C. 2008) ("[A] motion in limine should not be used to resolve factual disputes or weigh evidence.").  Plaintiffs are certainly welcome to present evidence or argument that a cane would not have prevented Boucher from falling and to let the jury determine this issue.  Once again, though, the fact that they may do so is not grounds for excluding evidence regarding Boucher's use or possible use of a cane.  Plaintiffs' motion in limine is denied.

## IX. <u>Conclusion</u>

For the reasons set forth above, Amoskeag's motion to exclude evidence that Boucher suffered any permanent injuries[7] is GRANTED.  CVS's and Marjam's motion to exclude photographs of the parking lot[8] is GRANTED.  Plaintiffs' motion to exclude evidence of prior falls[9] is DENIED, plaintiffs' motion to exclude evidence of subsequent falls[10] is GRANTED, plaintiffs' motion to exclude evidence of other customers falling on the premises[11] is DENIED, plaintiffs' motion to exclude evidence of Boucher's pre-fall medical history[12] is DENIED, and plaintiffs' motion to exclude evidence of Boucher's use of a cane[13] is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  November 9, 2011

_____

[7]Document no. 22.

[8]Document no. 23.

[9]Document no. 28.

[10]Document no. 29.

[11]Document no. 31.

[12]Document no. 33.

[13]Document no. 35.

21

cc:  Richard E. Fradette, Esq.
     Andrew Ranks, Esq.
     Anthony M. Campo, Esq.
     Robert S. Carey, Esq.